UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DAYNE BRIDGEMAN, CDCR #AD-9461,<br><br>                                        Plaintiff,<br><br>vs.<br><br>EDUCATION DEPARTMENT; LAW LIBRARY, GEORGE NEOTTI,<br><br>                                        Defendants. | Civil No.   11-0387 JLS (CAB)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350.00 BALANCE FROM PRISONER TRUST ACCOUNT [ECF No. 2];**<br><br>**AND**<br><br>**(2)  DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO  28 U.S.C. § 1915(e)(2)(B) & 1915A(b)** |

Plaintiff, a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility located in San Diego, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  In addition, Plaintiff has filed a certified copy of his inmate trust account statement which the Court has construed as a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

/ / /

**I. MOTION TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows he has insufficient funds with which to pay any initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4). Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP [ECF No. 2], and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

The PLRA's amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

/ / /

/ / /

### A. 42 U.S.C. § 1983

To state a claim under § 1983, Plaintiff must allege that: (1) the conduct he complains of was committed by a person acting under color of state law; and (2) that conduct violated a right secured by the Constitution and laws of the United States. *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

### B. Eleventh Amendment

First, to the extent Plaintiff asserts claims against the "Education Department" and the "Law Library" of the Richard J. Donovan Correctional Facility, the Court finds the claims against these Defendants must be dismissed for failing to state a claim and for seeking damages against defendants who are immune pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii). The State of California, the California Department of Corrections and Rehabilitation, an agency of the State of California, and Departments within the Richard J. Donovan Correctional Facility, are not "persons" subject to suit under § 1983 and are instead, entitled to absolute immunity from monetary damages actions under the Eleventh Amendment. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 53-54 (1996); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *see also Hale v. State of Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (holding that a state department of corrections is not a "person" within the meaning of § 1983). Therefore, Plaintiff's claims against the "Education Department" and the "Law Library" are hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii) without leave to amend.

### C. Access to Courts

Plaintiff alleges that correctional officers have denied him adequate access to the prison's law library. Prisoners do "have a constitutional right to petition the government for redress of their grievances, which includes a reasonable right of access to the courts." *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996); *accord Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). In *Bounds*, 430 U.S. at 817, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons who are trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977).

1       To establish a violation of the right to access to the courts, however, a prisoner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348; *see also Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994); *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989); *Keenan v. Hall*, 83 F.3d 1083, 1093 (9th Cir. 1996).

Here, Plaintiff has failed to alleged any actions with any particularity that have *precluded* his pursuit of a non-frivolous direct or collateral attack upon either his criminal conviction or sentence or the conditions of his current confinement. *See Lewis*, 518 U.S. at 355 (right to access to the courts protects only an inmate's need and ability to "attack [his] sentence[], directly or collaterally, and ... to challenge the conditions of [his] confinement."); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (the non-frivolous nature of the "underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation."). Moreover, Plaintiff has not alleged facts sufficient to show that he has been actually injured by any specific defendant's actions. *Lewis*, 518 U.S. at 351.

In short, Plaintiff has not alleged that "a complaint he prepared was dismissed," or that he was "so stymied" by any individual defendant's actions that "he was unable to even file a complaint," direct appeal or petition for writ of habeas corpus that was not "frivolous." *Lewis*, 518 U.S. at 351; *Christopher*, 536 U.S. at 416 ("like any other element of an access claim[,] ... the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope."). Therefore, Plaintiff's access to courts claims must be dismissed for failing to state a claim upon which section 1983 relief can be granted. *See Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

/ / /

/ / /

**D.     Respondeat Superior**

Plaintiff names Warden Neotti as a Defendant in this matter but fails to set forth any factual allegations with regard to Defendant Neotti in the body of Plaintiff's Complaint. Thus, it appears that Plaintiff seeks to hold Defendant Neotti liable in his supervisory capacity. However, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Supervisory prison officials may only be held liable for the allegedly unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what extent they personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As currently pleaded, however, Plaintiff's Complaint fails to set forth facts which might be liberally construed to support an individualized constitutional claim against Defendant Neotti.

Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim upon which relief may be granted , and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above. Plaintiff is warned that if his amended complaint fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and without leave to amend.

/ / /

/ / /

1      To the extent that Plaintiff chooses to file an Amended Complaint, the Court cautions
2 Plaintiff that his entire action may be subject to dismissal on the grounds that it appears that he
3 failed to exhaust his administrative remedies prior to bringing this action.

4      The PLRA amended 42 U.S.C. § 1997e(a) to provide that "[n]o action shall be brought
5 with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison
6 or other correctional facility until such administrative remedies as are available are exhausted."
7 42 U.S.C. § 1997e(a).  "Once within the discretion of the district court, exhaustion in cases
8 covered by § 1997e(a) is now mandatory." *Porter v. Nussle*, 534 U.S. 516 (2002). "The
9 'available' 'remed[y]' must be 'exhausted' before a complaint under § 1983 may be
10 entertained," *Booth v. Churner*, 532 U.S. 731, 738 (2001), and "regardless of the relief offered
11 through administrative procedures." *Id.* at 741.  Moreover, the Supreme Court held in
12 *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006) that "[p]roper exhaustion demands compliance with
13 an agency's deadlines and other critical procedural rules because no adjudicative system can
14 function effectively without imposing some orderly structure on the court of its proceedings."
15 *Id.* at 90. The Court further held that "[proper exhaustion] means ... a prisoner must complete
16 the administrative review process in accordance with the applicable procedural rules . . . as a
17 precondition to bring suit in federal court." *Id.*

18      The plain language of 42 U.S.C. § 1997e(a) provides that no § 1983 action "shall be
19 *brought* . . . until such administrative remedies as are available are exhausted." 42 U.S.C.
20 § 1997e(a) (emphasis added). The Ninth Circuit's decision in *McKinney v. Carey*, 311 F.3d
21 1198 (9th Cir. 2002)  holds that prisoners who are incarcerated at the time they file a civil action
22 which challenges the conditions of their confinement are required to exhaust "all administrative
23 remedies as are available" as a mandatory precondition to suit. *See McKinney*, 311 F.3d at 1198;
24 *see also Perez v. Wis. Dep't of Corrections*, 182 F.3d 532, 534-35 (7th Cir. 1999) ("Congress
25 could have written a statute making exhaustion a precondition to judgment, but it did not. The
26 actual statute makes exhaustion a precondition to *suit*.") (emphasis original). Section 1997e(a)
27 "clearly contemplates exhaustion *prior* to the commencement of the action as an indispensable
28 requirement. Exhaustion subsequent to the filing of the suit will not suffice." *McKinney*, 311

F.3d at 1198 (quoting *Medina-Claudio v. Rodriquez-Mateo*, 292 F.3d 31, 36 (1st Cir. 2002)).

## III.

### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is **GRANTED**.

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

///

5. The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED: April 5, 2011

Honorable Janis L. Sammartino
United States District Judge